McCALEB, Judge
(concurring in part and dissenting in part).
I concur in the rulings of the Court as to Bills of Exceptions Nos. 1, 2, 8, 9 and 10. However, as to Bills Nos. 8, 9 and 10, I concur solely on the ground that the questions propounded by the district attorney to the accused were relevant and proper because the accused, when he takes the stand in his own behalf, is like any other witness and may be cross-examined upon the whole case. See R.S. 15:462.
On the other hand, I do not agree with the ruling of the Court on Bills of Exceptions 16, 17 and 18 which assail the legality of the sentence of five years in the State Penitentiary for the offense of attempted theft of cattle. R.S. 14:27, which denounces an attempt to commit a crime as a separate but lesser grade of the intended crime, provides punishment therefor divided into three separate classes. The first of these provides for imprisonment at hard labor for not more than 20 years when the offense attempted is punishable by death or life imprisonment; the second covers an attempt to commit theft or receiving stolen things and prescribes a penalty of not more than $200 or imprisonment of not more than one year, or both. And the third category deals with all other cases of attempts not covered by the first two classifications.
The majority, in upholding the sentence of five years for the attempted theft, reasons that this attempt falls under the third or general classification of punishment contained in the statute because the substantive crime of theft of cattle has been made separate and distinct from the crime of theft by special statute.
I fail to see any justification for this conclusion. Since the accused has been convicted of an attempted theft, his punishment is covered specifically by the second paragraph of Article 27 of the Criminal Code. In truth, the ruling herein effects an amendment to paragraph (2) of the Article, under the guise of judicial construction, by inserting an exception in paragraph (2) so as to exclude attempted thefts of cattle from the punishment prescribed for all attempted thefts. This is not a judicial function and, until the Legislature itself changes the penalty provided for attempted theft by R.S. 14:27, it should be applied as written irrespective of whether the substantive crime is denounced by a special statute dealing with thefts of particular things or chattels[1] or by the general statute relating to all thefts.
*999 In my view, the case should be remanded to the trial court for the imposition of a legal sentence in accordance with the second paragraph of R.S. 14:27.

. In this connection, I seriously doubt that Act 173 of 1950, which was designated as Section 67.1 of Title 14 of the Revised Statutes of 1950 (a general code of laws) *999 and was later amended by Act 154 of 1956, is a special law as the majority of the Court seems to believe. On the contrary, this Court, in State v. Hamlet, 219 La. 278, 52 So.2d 852, stated that the act “ * * * as its very language plainly reveals, is merely an addition to Article 67 of the Criminal Code * * * ” and further observed that it was manifestly the intent of the Legislature in passing that law to make the theft of cattle or livestock amenable to prosecution under the omnibus theft provision of Article 67 as well as the provision which exempted the State from proving the value of the cattle taken. See also comment by Professor Dale E. Bennett in 12 La.L.Rev. at page 127.